

Warren J. Stapleton, 018646
**OSBORN MALEDON, P.A.**
2929 North Central Avenue
20th Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
E-mail: wstapleton@omlaw.com
Counsel for Putative Debtor/Respondent

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>Jian Peng,<br><br>        Debtor.<br><br>Dartmouth Collections, LLC, Yu Kuang, Xuefeng Han, Xueri Wang,<br><br>        Petitioners,<br><br>v.<br><br>Jian Peng,<br><br>        Respondent-Debtor | Involuntary Chapter 7<br><br>Case No. 2:25-bk-11985-EPB<br><br><br><br>**ANSWER CONTESTING INVOLUNTARY PETITION** |

Pursuant to 11 U.S.C. § 303 and Fed. R. Bankr. P. 1003, Jian Peng ("Peng" or the "Debtor") answers and contests the involuntary petition filed by Dartmouth Collections, LLC ("Dartmouth"), Yu Kuang ("Kuang"), Xuefeng Han ("Han"), Xueri Wang ("Wang") collectively, the "Petitioners." Debtor requests a hearing on this matter.

1. Peng contests the petition because the debts listed by the Petitioners are subject to bona fide dispute for multiple, independent reasons presented below.

2. From the face of the petition itself, three of the four petitioners admit that they loaned money to Maywind Trading, LLC ("Maywind") – *not* the individual

Debtor. There are no allegations of alter ego or fraudulent transfers that would suggest that petitioners Kuang, Han, and Wang's debts are owed by the Debtor himself as opposed to Maywind. Kuang, Han, and Wang are not eligible petitioners. Therefore, the petition fails to satisfy Section 303(b)(1).

3. Moreover, it appears that the signatures of Yu Juang and Xuefeng Han are "OBO" (presumably "on behalf of"), without specifying who actually signed, and on what authority. Also, the signatures do not list any "representative's title." "Alleged" signatures do not satisfy the requirements for an involuntary bankruptcy filing. *See* 11 U.S.C. § 303(a)(1) and Fed. R. Bankr. P. 1008.

4. Dartmouth's debt is subject to an ongoing bona fide dispute. Dartmouth asserts in the petition that (a) a New Mexico state court judgment was entered on July 24, 2024, in favor of DLG Trust, PLLC ("DLGT") and against Peng (the "July 2024 Judgment"), and (b) the July 2024 Judgment was assigned from DLGT to Dartmouth on or about August 16, 2024. However, Peng already filed a motion in New Mexico state court to vacate the July 2024 Judgment against him. See Exhibit A ("Motion to Vacate"). Generally described, the Motion to Vacate seeks to set aside the July 2024 Judgment on grounds that DLGT failed to comply with New Mexico law in connection with a purported arbitration proceeding that resulted in a purported arbitration award giving rise to the July 2024 Judgment. The Motion to Vacate (Exh. A) shows that there are multiple, independent grounds for this Court to find that there is a bona fide dispute regarding the continuing validity of the judgment-debt asserted by Dartmouth.

5. As shown by the Motion to Vacate, the July 2024 Judgment against Peng arises from alleged legal services provided not by the petitioning creditor Dartmouth, but instead by an Arizona entity named Diamondback Legal PLLC ("Diamondback"). Exh. A, pp. 4-5 and its Exhibit 5 (copy of engagement agreement). The party behind Diamondback at the time of such services is a lawyer (not licensed in Arizona), named Gabriel Vadasz ("Vadasz"), whose e-mail addresses currently known to Peng include

2

the address Gabriel@dnglv.com. Exh. A at its Exhibit 1 (Arizona Corporation Commission (ACC) record identifying Vadasz as organizer and statutory agent of Diamondback).

6. Vadasz is also the party behind original judgment-holder DLGT. Exh. A at its Exhibit 3 (ACC record identifying Vadasz as organizer and statutory agent of DLG Trust PLLC).

7. The involuntary petition and its attachments do not identify Dartmouth's jurisdiction of organization, and it presently appears that the Petitioners (including Dartmouth) did not file and serve a corporate-ownership statement as required by Rule 1010(b).

8. Publicly-available records of the Wyoming Secretary of State, however, collectively indicate that (a) Dartmouth is a Wyoming limited liability company; (b) Vadasz's known e-mail address of Gabriel@dnglv.com appears at four locations in Dartmouth's four-page Articles of Organization (Exh. B); (c) a brief Internet search for the name "Kabroni Phillips" (repeatedly shown in that document, above Vadasz's e-mail address) does not identify any real person by that name, which suggests that it may be a fictitious name used by Vadasz; and (d) the Annual Report filed by Dartmouth during March 2025 specifically identified the name, signature, and same e-mail address of Gabriel Vadasz as the person filing on behalf of Dartmouth (Exh. C).[1] Thus, while

---

[1] A record showing Dartmouth's ownership is not presently available to Peng, because (a) Wyoming's laws do not require the public listing of the members of a limited liability company and (b) Dartmouth apparently did not file and serve the corporate-ownership statement required by Rule 1010(b).

A reasonable inference that Vadasz is the owner of Dartmouth is not contravened by the petition's appended Declaration in which Samuel Davis asserts that he is only "the authorized signature and limited agent" of Dartmouth.

To the contrary, the commonality among Dartmouth and DLGT is further suggested by Mr. Davis's representations that he is "the authorized signatory and limited agent" of both Dartmouth and DLGT. *See* petition at Exh. A and attached Declaration, ¶¶ 1-2.

3

the face of the involuntary petition may suggest that Dartmouth is a somewhat-independent holder of an assigned judgment-debt, it appears that the same individual person (Vadasz) was or is behind Diamondback, DLGT, and now Dartmouth.

9. Taken together, none of the four Petitioners have a debt that is not subject to bona fide dispute.

10. Briefing on Peng's Motion to Vacate was completed on November 12, 2025, as shown by the Notice of Completion of Briefing filed on that date. Exh. D. On December 5, 2025, the New Mexico state court issued a Notice of Hearing to set a hearing on January 12, 2026, regarding the Motion to Vacate.

11. Only six calendar days following the New Mexico state court's December 5, 2025, issuance of that Notice of Hearing, Dartmouth and the three other Petitioners filed their involuntary petition in this matter. DLGT (not Dartmouth) then filed a "Notice of Bankruptcy" in the New Mexico state-court matter that made no mention of the involuntary nature of the bankruptcy proceeding but perhaps-misleadingly used the phrase "Notice of Bankruptcy by Defendant Jian Peng" to imply that Peng himself initiated the bankruptcy proceeding. Exh. E. Perversely, the automatic stay occasioned by the involuntary petition-filing will likely preclude the New Mexico state court from proceeding with its scheduled January 12, 2026 hearing regarding Peng's Motion to Vacate.[2] The timing of the involuntary petition suggests that the petition was filed by Dartmouth and the three other Petitioners for that specific purpose. Upon information and belief, Dartmouth, controlled by Vadasz, is attempting to use this involuntary bankruptcy proceeding to avoid its day of reckoning in the New

---

[2] Peng and his New Mexico state-court counsel have no ability to compel the New Mexico state judge to defer the January 12, 2026, hearing on the Motion to Vacate. However, on December 24, 2026, Peng's counsel timely filed in that matter (and later transmitted to chambers) a Request for Telephonic Status Conference (Exh. F.) to bring the matter to the judge's attention without violating the automatic stay. *See In re Perryman*, 631 B.R. 899, 901 (B.A.P. 9th Cir. 2021) ("Requesting continuances and attending status conferences do not constitute continuation of the prepetition action for purposes of the automatic stay.").

Mexico state courts. *See* Exhibit F attached hereto, Peng's request for a status conference in the New Mexico state court.

12. Additionally, Peng is not eligible to file bankruptcy in Arizona. He has not resided in Arizona for more than six months. *See* 28 U.S.C. § 1408. This is something that Dartmouth was likely aware of based on an affidavit Peng filed in the New Mexico state court indicating that he had not lived in Arizona since April 2023. *See* Exh. A, Exh. 14 (Jian Peng Affidavit), ¶¶ 9-21. Petitioners have failed to establish that this Court has jurisdiction or venue over this bankruptcy proceeding.

13. As explained above, Petitioners brought this claim in bad faith. Peng and DLGT are engaged in pre-petition litigation in New Mexico, and Dartmouth/Vadasz has manufactured this proceeding to prevent the New Mexico court from hearing and ruling on Peng's pending, fully-briefed Motion to Vacate.

14. In addition to the above deficiencies, it is black letter law that transferred claims may not be the basis for an involuntary petition unless (a) the transferee provides "all documents evidencing the transfer, whether it was unconditional, for security, or otherwise"; and (b) the transferee affirms that the claim was not transferred to commence the case and provides "the consideration for the transfer and its terms." Fed. R. Bankr. P. 1003(a)(1) and (2).

15. Here, although Dartmouth's representative, Samuel Davis ("Davis") alleges that Dartmouth provided "all documents" related to the transfer – the one-page transfer document does not contain any economic terms. *See* Dkt # 1, Exh. A, p. 1. Davis' declaration also does not disclose the economic terms – instead stating that, "consideration for the transfer of the claim was contingent on the debt actually being collected, in addition to the expenses incurred, including, but not limited to, legal fees associated with subsequent legal proceedings." This does not satisfy the requirements of Fed. R. Bankr. P. 1003(a)(1) or (a)(2). The opaqueness of the agreement suggests that Vadasz, who controlled Diamondback and DLG Trust (the judgment creditor), may

5

also control Dartmouth (the petitioner). When taken together with the fact that DLGT (not Dartmouth) remains the sole judgment-creditor party in the New Mexico matter, the statements by Mr. Davis in his Declaration that "[t]he transfer was made in order to streamline collection efforts" and "[t]he consideration for the transfer of the claim was contingent on the debt actually being collected" suggest that DLGT remains the sole holder of any economic interest in the July 2024 Judgment that is the purported basis for the involuntary petition filed by Dartmouth and the three other Petitioners.

16. Peng requests a hearing to demonstrate that the involuntary petition was filed in bad faith. Peng further requests his costs, reasonable attorneys' fees, and damages for a bad faith filing as provided for under 11 U.S.C. § 303(i).

17. Finally, Peng requests that the Court hold a hearing on whether Dartmouth should file a bond to indemnify him for any damages that the Court may later allow under Section 303(i). *See* 11 U.S.C. § 303(e).

Respectfully submitted this 2nd day of January 2026.

OSBORN MALEDON, P.A.

By  /s/ Warren J. Stapleton
Warren J. Stapleton
2929 North Central Avenue
Suite 2000
Phoenix, Arizona 85012
*Counsel for Putative Debtor/Respondent*

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants and a copy emailed and/or mailed on January 5, 2026 to:

Christopher Kaup
Tiffany & Bosco, PA
2525 E Camelback Rd Ste 700
Phoenix AZ 85016
crk@tblaw.com
*Counsel for Dartmouth Collections*

Yu Kuang
4050 Pacific Harbours Dr Unit 224
Las Vegas NV 89121
Yukuan111@gmx.com
*Petitioning Creditor*

6

| | |
|---|---|
| Xuefeng Han<br>22 N Rd Morningside<br>Johannesburg, South Africa<br>Snow.han.xf@gmail.om | Xuerui Wang<br>2039 Gulf of Mexico Dr Unit 210<br>Longboat Key FL 34228<br>Sherrys7816@gmail.com |

Office of the U.S. Trustee
230 N First Ave Ste 204
Phoenix AZ 85003


/s/ Peggy Nieto