Christopher R. Kaup, Esq. (SBN 014820)
David M. Barlow (SBN 035812)

**TB TIFFANY & BOSCO**
P.A.

SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE:  (602) 255-0103
E-Mail: crk@tblaw.com, dmb@tblaw.com
*Attorneys for Dartmouth Collections, LLC.*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>**JIAN PENG**,<br><br>Debtor. | Involuntary Chapter 7<br><br>Case No. 2:25-bk-11985-EPB<br><br>**PETITIONING CREDITOR'S RESPONSE TO DEBTOR'S ANSWER CONTESTING INVOLUNTARY PETITION** |

Pursuant to this Court's Order at the hearing on January 12, 2026, and Fed. R. Bankr. P. 1011, petitioning creditor Dartmouth Collections, LLC ("Dartmouth") files *Petitioning Creditor's Response to Debtor's Answer Contesting Involuntary Petition*. Dartmouth responds to applicable and relevant issues raised in Debtor's Answer Contesting Involuntary Petition ("Answer"). Dartmouth affirmatively denies any allegations in the Answer not expressly admitted herein. The five issues Dartmouth addresses below are: (1) Dartmouth is a valid assignee and owner of the judgment against Debtor Jian Peng ("Debtor") entered on July 24, 2024 in New Mexico Court case number D-202-CV-202308285 ("New Mexico Judgment"); (2) the New Mexico Judgment is not subject to a *bona fide* dispute; (3) there is no evidence that Debtor has more than twelve creditors; (4) there is no evidence that venue is not proper in this District; and (5) Dartmouth did not file this involuntary petition in bad faith. As a result, Dartmouth

submits that this Court should issue an order for relief and permit this bankruptcy case to move forward.

Dartmouth acknowledges that this Court may need to consider and admit evidence in order to resolve potential factual disputes and, therefore, in the event that such consideration is necessary, requests that the Court enter a scheduling order and set a final evidentiary hearing within thirty (30) days of the February 5, 2026, telephonic conference. Accordingly, Dartmouth requests that the telephonic hearing scheduled for February 5, 2026, at 10:00 a.m. be used to determine a limited discovery plan and scheduling order and set a final evidentiary hearing on the applicable issues in this matter in the event that this Court determines such a hearing is necessary.

I. <u>Dartmouth Is A Valid Assignee And Owner Of The New Mexico Judgment.</u>

On July 24, 2024, the New Mexico Judgment was entered against Debtor and in favor of DLG Trust PLLC. On August 16, 2024, DLG Trust PLLC and Dartmouth executed the Assignment of Rights to Dartmouth Collection ("Assignment") wherein DLG Trust PLLC assigned the New Mexico Judgment and Dartmouth, as the assignee, became entitled to collect all funds associated with the New Mexico Judgment. Specifically, the Assignment is a standard agreement in the collections industry and Dartmouth was assigned all rights while collecting a judgment. Dartmouth is required to report to DLG Trust PLLC any amounts recovered as part of their collection efforts.

Debtor's Answer attempts to cast aspersions on Dartmouth based on the relationship between Dartmouth, DLG Trust PLLC and another non-party Diamondback Legal PLLC. Dartmouth categorically disputes Debtor's allegations concerning the ownership of Dartmouth and any impropriety concerning the relationship between Dartmouth, DLG Trust PLLC and Diamondback Legal PLLC. Dartmouth has complied with all requirements under the applicable rules with respect to assignment of the New

Mexico Judgment and required disclosures.

On December 11, 2025, Dartmouth filed this involuntary petition. Dartmouth attached a Declaration Pursuant to Federal Rule of Bankruptcy Procedure 1003(a) ("Declaration") and included the Assignment as part of its initial filings. On January 12, 2026, Dartmouth filed its Corporate Ownership Statement pursuant to Fed. R. Bankr. P. 1007(a) and 7007.1.

Fed. R. Bankr. P. 1003 requires a petitioning creditor that has acquired a claim to attach to the petition, "(1) all documents evidencing the transfer, whether it was unconditional, for security, or otherwise; and (2) a signed statement that: (A) affirms that the claim was not transferred for the purpose of commencing the case; and (B) sets forth the consideration for the transfer and its terms." Fed. R. Bankr. P. 1003(a)(1) – (2)(A) – (B). Fed. R. Bankr. P. 1003(a) expressly disqualifies an entity that has acquired a claim for the purpose of commencing an involuntary case from being a qualified petitioner. Dartmouth satisfied the requirements under Fed. R. Bankr. P. 1003.

The Declaration states that, "[t]he transfer was made in order to streamline collection efforts in an attempt to locate assets and collect on the known judgment and underlying arbitration awards." (Doc. 1 at page 6, ¶ 4). The Declaration also states that, "[t]he consideration for the transfer of the claim was contingent on the debt actually being collected, in addition to the expenses incurred, including, but not limited to, legal fees associated with subsequent legal proceedings." (*Id*. at page 7, ¶ 5). Finally, the Declaration states, "the Petitioner's claim was **NOT** transferred or acquired for the purpose of commencing this involuntary bankruptcy case." (*Id*. at page 7, ¶ 6). The Assignment, attached to the Declaration, is a standard collections agreement. In the event further clarification is needed, Dartmouth represents that it is entitled to a contingent fee of 30% of all amounts collected plus legal fees. The Declaration and attached Assignment satisfy Fed. R. Bankr. P. 1003 and demonstrate that Dartmouth is not a disqualified

1 petitioner.

2 Dartmouth's Corporate Ownership Statement satisfies the requirements of Fed. R.
3 Bankr. P. 1007(a) and 7007.1. Fed. R. Bankr. P. 7007.1 requires any nongovernmental
4 corporation to file a statement identifying any parent corporation and any publicly held
5 corporation that owns 10% or more of its stock or stating that there is no such
6 corporation. Dartmouth's Corporate Ownership Statement states, "[t]here are no entities
7 that directly or indirectly own 10% or more of any class of the corporation's equity
8 interest [and] [Dartmouth] is not a publicly held corporation[.]" (Doc. 14 at ¶¶ 2 – 3). As
9 such, Dartmouth's Corporate Ownership Statement satisfies the requirements of Fed. R.
10 Bankr. P. 1007(a) and 7007.1.

11 Dartmouth is a valid assignee of the New Mexico Judgment and a qualified
12 petitioning creditor of Debtor. Dartmouth complied with all applicable Federal Rules of
13 Bankruptcy Procedure by attaching the Declaration and Assignment to the Involuntary
14 Petition and filing its Corporate Disclosure Statement. To the extent that the Court
15 determines that Dartmouth does not have sufficient interest to be a petitioning creditor,
16 Dartmouth requests leave to amend the petition to add DLG Trust PLLC as a petitioning
17 creditor.

18     II.    <u>Dartmouth's Claim Is Not Subject To A *Bona Fide* Dispute.</u>

19 Section 303(b) provides:

20 (b) An involuntary case against a person is commenced by the filing with
the bankruptcy court a petition under chapter 7 or 11 of this title –
21 (1) by three or more entities, each of which is either a holder of a claim
against such person that is not contingent as to liability or the subject of a
22 bona fide dispute as to liability or amount … if such noncontingent,
23 undisputed claims aggregate at least $21,050 more than the value of any
lien on property of the debtor securing such claims held by the holders of
24 such claims;
(2) if there are fewer than 12 such holders … by one or more of such
25 holders that hold in the aggregate at least $21,050 of such claims.

26

"Consequently, a petitioning creditor's claim must not be (1) contingent or (2) 'the subject of a bona fide dispute as to liability or amount.'" *Department of Revenue v. Blixseth*, 942 F.3d 1179, 1183 (9th Cir. 2019) (citing 11 U.S.C. § 303(b)(1)). "Section 303(b)(1) requires that a petitioning creditor hold a 'claim' against the debtor." *In re Marciano*, 708 F.3d 1123, 1126 (9th Cir. 2013). "Under § 101(5)(A) of the Bankruptcy Code, a 'claim' is a 'right to payment, whether or not such right is reduced to judgment.'" *Id*. at 1126 – 27. "Thus, a right to payment includes a 'judgment.'" *Id*. at 1127. The Ninth Circuit adopted the majority view, referred to as the *Drexler* rule, "that unstayed non-default state judgments on appeal are not subject to bona fide dispute for purposes of § 303(b)(1)." *Id*. at 1126 and 1128.

Here, Debtor argues that Dartmouth's debt is subject to an ongoing *bona fide* dispute by virtue of Debtor's Motion to Vacate filed in the New Mexico court. Debtor attempted to bolster his argument by attaching the Motion to Vacate and vaguely arguing that the Motion to Vacate "shows that there are multiple, independent grounds for this Court to find that there is a bona fide dispute regarding the continuing validity of the judgment-debt asserted by Dartmouth." Debtor ignores the applicable case law in the Ninth Circuit that an unstayed appeal of a non-default state judgment is not enough to create a *bona fide* dispute. As this Court acknowledged at the hearing on January 12, 2026, and Dartmouth agrees, eventually the New Mexico court is going to have to adjudicate Debtor's Motion to Vacate. However, until then, the undisputed fact is that Dartmouth holds the non-default, unstayed New Mexico Judgment and Debtor's Motion to Vacate does not create a *bona fide* dispute. Put differently, as it stands today, and until the New Mexico Court rules otherwise, the New Mexico Judgment is a valid and immediately collectable claim in excess of the statutory amount of $21,050 and § 303(b)(2) is satisfied. Ironically, Debtor opposed stay relief that would have allowed a hearing on his Motion to Vacate to proceed. Debtor's opposition must be seen as

gamesmanship in order for him to argue that Dartmouth's claim remains disputed.

### III. Debtor Does Not Have More Than Twelve (12) Creditors.

Noticeably absent from Debtor's Answer is any affirmative assertion as to the specific number of Debtor's creditors. Debtor's Answer begins by identifying three of the four petitioning creditors whose claims are allegedly subject to *bona fide* disputes. However, Debtor never expressly states that he has more than twelve (12) creditors.

Debtor's arguments as to the other three petitioning creditors are irrelevant if Debtor does not have twelve or more creditors. For the reasons set forth above, if Debtor has fewer than twelve creditors, Dartmouth's noncontingent claim is sufficient for purposes of this involuntary bankruptcy. There is no declaration or other evidence attached to Debtor's Answer that would support a position of having more than twelve creditors and Debtor did not comply with Fed. R. Bankr. P. 1003 by identifying the names and addresses of all creditors along with a statement as to the nature and amount of each creditor's claim. Until Debtor affirmatively identifies the number of creditors and complies with Fed. R. Bankr. P. 1003, this involuntary bankruptcy must proceed.

### IV. Venue Is Proper In This District.

Debtor's Answer also asserts that Debtor is not eligible to file bankruptcy in Arizona because he claims he has not lived in Arizona since April 2023. 28 U.S.C. § 1408 sets forth the requirements for venue in bankruptcy cases. Specifically, 28 U.S.C. § 1408(1) provides that venue is proper in the district court for the district –

> (1) In which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district[.]

In support of Debtor's assertion that he has not lived in Arizona since April 2023, Debtor attached a declaration filed in the New Mexico proceedings. First, Debtor failed to file a declaration in this Court and should not be able to rely on a previously submitted declaration in support of his otherwise conclusory argument that venue is improper in this district. Second, Debtor fails to acknowledge that venue can be satisfied by one of three grounds under 28 U.S.C. § 1408(1) – (1) domicile/residence; (2) principal place of business; or (3) principal assets. Similar to Debtor's failure to affirmatively state and submit supporting evidence about the number of creditors, Debtor fails to make any statements or submit any evidence as to the location of his principal place of business or principal assets. On the other hand, Dartmouth's petition affirmatively stated that, "[o]ver the last 180 days before the filing of the bankruptcy, the debtor has resided, had the principal place of business, or had principal assets in this district longer than in any other district." (Doc. 1 at page 2). The only evidence before this Court is Dartmouth's uncontested statement contained within the petition. Until Debtor submits a declaration, under the penalty of perjury, as to his residence, principal place of business or principal assets, the record before this Court supports the finding that venue is proper in this district.

V. <u>Dartmouth Did Not File This Involuntary Petition In Bad Faith.</u>

Debtor's Answer argues that the petitioners brought this involuntary petition in bad faith because Dartmouth "has manufactured this proceeding to prevent the New Mexico court from hearing and ruling on [Debtor's] pending, fully-briefed Motion to Vacate." Dartmouth did not bring this involuntary petition in bad faith nor for the purposes of delaying the New Mexico court's adjudication of Debtor's Motion to Vacate. Shortly after Counsel for Debtor appeared in this case, Counsel for Dartmouth reached out to Mr. Stapleton and proposed stipulating to relief from the automatic stay so as to permit the New Mexico court to hear and rule on Debtor's Motion to Vacate. Debtor

refused. Following Debtor's refusal, Dartmouth filed the Motion to Modify Stay Re: New Mexico Court Case No. D-202-CV-2023-08285 ("Motion to Modify") and sought an expedited hearing. Debtor objected to the Motion to Modify. Ultimately, this Court did not grant Dartmouth's request to modify the automatic stay to permit the hearing on January 12, 2026, on Debtor's Motion to Vacate to proceed but was justifiably puzzled by Debtor's changed position.

"The Bankruptcy Code does not define 'bad faith' for purposes of awarding punitive damages under § 303(i)." *In re Wavelength, Inc.*, 61 B.R. 614, 619 (9th Cir. BAP 1986). "Whether a party acted in bad faith is essentially a question of fact." *Id.* at 620 (citing *In re Advance Press & Litho, Inc.*, 46 B.R. 700, 704 (D. Colo. 1984)). "Bad faith should be measured by an 'objective test' that asks 'what a reasonable person would have believed.'" *Id.* (quoting *In re Grecian Heights Owners' Ass'n*, 27 B.R. 172, 173 (Bankr. D. Or. 1982)).

Here, Debtor's sole basis in its Answer that Dartmouth filed this involuntary petition in bad faith is that it did so to delay the New Mexico court from ruling on Debtor's Motion to Vacate. Dartmouth's attempts to obtain stay relief demonstrate that was not its intent. Dartmouth is confident that the New Mexico court will rule in its favor on Debtor's Motion to Vacate and wants those proceedings to go forward expeditiously. Debtor's refusal to stipulate to stay relief and express objection to stay relief suggest it is Debtor who does not want to proceed in good faith to resolution on his Motion to Vacate.

**WHEREFORE**, Dartmouth respectfully requests that this Court enter an order for relief so this bankruptcy case may proceed. Alternatively, in the event that the Court determines an evidentiary hearing is necessary, Dartmouth requests that the February 5, 2026 conference be used to set a final evidentiary hearing and issue a scheduling order relating to disclosures, discovery and the filing of a joint pre-trial statement.

1 | RESPECTFULLY SUBMITTED this 16th day of January, 2026.

**TIFFANY & BOSCO, P.A.**

By: /s/ Christopher R. Kaup, 014820
Christopher R. Kaup, Esq.
David Barlow, Esq.
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
*Attorneys for Dartmouth Collections, LLC*

**FOREGOING** electronically filed with the Clerk of United States Bankruptcy Court this 16th day of January, 2026, with a copy served by the Court's electronic notification system this same day:

Warren J. Stapleton
Osborn Maledon, P.A.
2929 North Central Avenue, 20th Floor
Phoenix, Arizona 85012-2793
wstapleton@omlaw.com

Yu Kang
4050 Pacific Harbours Dr
Unit 224
Las Vegas, NV 89121
Yukuang111@gmx.com

Xuefeng Han
22 North Road, Morningside
Johannesburg, South Africa
Snow.han.xf@gmail.com

Xuerui Wang
2039 Gulf of Mexico Dr, Unit 210
Longboat Key, FL 34228
Sherrys7816@gmail.com

1 | */s/* Bianca Ochoa
Bianca Ochoa, Legal Assistant
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26