Christopher R. Kaup, Esq. (SBN 014820)
David M. Barlow (SBN 035812)

**TB** TIFFANY & BOSCO
P.A.

1850 NORTH CENTRAL AVENUE, 24TH FLOOR
PHOENIX, ARIZONA 85004
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0103
E-Mail: crk@tblaw.com, dmb@tblaw.com
*Attorneys for Dartmouth Collections, LLC.*

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>**JIAN PENG**,<br>Debtor. | Involuntary Chapter 7<br><br>Case No. 2:25-bk-11985-EPB<br><br>**JOINT REPORT AND DISCOVERY PLAN RE: EVIDENTIARY HEARING ON DEBTOR'S ANSWER CONTESTING INVOLUNTARY PETITION** |

Pursuant to Federal Rule of Civil Procedure 26(f) made applicable by Federal Rule of Bankruptcy Procedure 7026(f) and the parties comments at the February 5, 2026 status conference in this matter, Debtor Jian Peng ("Debtor") and Petitioning Creditor Dartmouth Collections, LLC ("Dartmouth") submit this *Joint Report and Discovery Plan Re: Evidentiary Hearing on Debtor's Answer Contesting Involuntary Petition* reflecting multiple meet and confers held in advance of the March 10, 2026 scheduling conference. The Parties agree that an evidentiary hearing is needed to resolve the following legal and factual issues: (1) the number of Debtor's creditors; (2) whether venue is proper in this forum; and (3) whether an order for relief shall be entered and this Bankruptcy Case shall proceed.

### A. Joint Case Management Report

**1. The parties who attended the Rule 7026(f) meeting and assisted in developing the Plan.**

Christopher R. Kaup and David M. Barlow of Tiffany & Bosco, P.A. for Dartmouth and Warren J. Stapleton for Debtor.

**2. Service**

Debtor maintains he was not properly served. He learned of the involuntary petition when DLG Trust filed notice of the bankruptcy in the New Mexico state court proceeding. Debtor filed his Answer Contesting Involuntary Petition on January 2, 2026, at docket entry 26. Dartmouth filed Petitioning Creditor's Response to Debtor's Answer Contesting Involuntary Petition on January 16, 2026, at docket entry 16.

**3. Case Designation**

The parties agree this matter is a core proceeding and the parties consent to the entry of final orders and judgments by the Bankruptcy Court.

**4. Discovery and Scheduling Dates**

In view of the limited and narrow legal and factual issues that need to be resolved at this evidentiary hearing, the parties agree to the following schedule:

Dartmouth propounded Creditor's First Set of Discovery Requests on February 17, 2026 and Debtor agreed to respond no later than **March 5, 2026**.

Debtor propounded Jian Peng's First Set of Interrogatories and Requests for Production to Dartmouth Collections, LLC on February 18, 2026 and Dartmouth agreed to respond no later than **March 5, 2026**.

The Parties do not anticipate the need for additional discovery, but reserve their right to propound additional discovery based on the responses they receive. In any event, the deadline to propound discovery shall be **March 17, 2026**.

The Parties agree that there is no need for expert testimony at this stage of the proceedings.

Discovery Cut-Off: **April 3, 2026**.

**5. Nature of Case**

**Dartmouth**

Dartmouth maintains that this Involuntary Bankruptcy shall proceed and the Court shall enter an order for relief. Dartmouth affirmatively denies any allegations in Debtor's Answer Contesting Involuntary Petition not expressly admitted in Petitioning Creditor's Response to Debtor's Answer Contesting Involuntary Petition and acknowledges that the Court needs to consider and admit evidence in order to resolve two narrow factual disputes: (1) how many creditors Debtor has; and (2) whether venue is proper in this forum.

**Debtor**

Debtor maintains that this Involuntary Bankruptcy should be dismissed for several reasons. First, the Debtor does not live, does not have assets, nor does he have his principal place of business in Arizona. The Debtor lives in North Carolina and that is where venue is proper. While the Debtor hopes that documents recently turned over will cause Dartmouth to agree, if Dartmouth declines, then the Court will need to hear evidence on that issue.

Second, as indicated in the answer, Debtor challenges the validity of the judgment. The Debtor may face a steep climb on this issue given the impact of the *In re Marciano*, 708 F.3d 1123, 1128 (9th Cir. 2013), which held that unstayed ***non-default*** judgments are per se not subject to a bona fide dispute. Here, however, the judgment was obtained by an arbitration proceeding where the Debtor did not receive notice. Followed by the entry of judgment in a New Mexico state court proceeding where the Debtor again did not receive notice. Those are default judgments. The governing rule for non-default

judgments is set forth in *In re Vortex Fishing Systems, Inc.*, which calls for this court to "`determine whether there is an objective basis for either a factual or legal dispute as to the validity of the debt.'" 262 F.3d 985, 990 (9th Cir. 2001) (quoting *In re Busick*, 831 F.2d 745, 750 (7th Cir. 1987)).

Third, the Debtor believes that the Court should abstain under Section 305. This is a two-party dispute with no other creditors. There is no other creditor being protected by the bankruptcy. (Indeed the "other" petitioning creditors acknowledged in the petition that their claims really arise from money loaned to Maywind Trading – not the Debtor.) Debtor maintains that this proceeding is being prosecuted solely to harass the Debtor.

Fourth, the Debtor believes that this is a bad faith filing which subjects Dartmouth to sanctions under 11 U.S.C. § 303(i). Debtor believes that there is substantial evidence of improper motive for the filing.

**B. Discovery Plan**

**1. Initial Disclosures.**

The Parties agree that Rule 26(a) does not apply to these proceedings, but in any event will disclose and exchange documents that each side anticipates using at the evidentiary hearing.

**2. Discovery Requirements.**

The Parties agreed that discovery would be needed regarding the legal and factual issues identified herein.

**3. Discovery Limitations.**

The Parties do not suggest any changes to the presumptive discovery limitations included in the Federal Rules of Civil Procedure.

**4. Electronically Stored Information.**

The Parties are currently unaware of any issues related to the preservation, disclosure, or discovery of electronically stored information. The parties propose that

electronically stored information relevant to the evidentiary hearing initially be produced electronically, if practical.

**5. Electronic Service.**

The Parties agreed to electronic service of discovery requests and productions where practical.

**6. Protective Order for Confidential Documents and Information.**

The Parties do not believe a protective order is necessary at the present time. The parties have a limited attorneys' eyes only agreement with regard to the Debtor's North Carolina residential address. Both parties have reserved all rights with regard to this issue pending further discussion of the matter.

**7. Trial.**

The Parties believe that this matter will be ready for an evidentiary hearing on or after April 3, 2026. At this time, the Parties estimate that the evidentiary hearing will last one day.

**8. Settlement.**

Debtor does not believe that a settlement will be possible. That said, Debtor would be willing to explore the options if a neutral mediator is available to work with the parties.

RESPECTFULLY SUBMITTED this 6th day of March, 2026.

| OSBORN MALEDON, P.A. | TIFFANY & BOSCO, P.A. |
|---|---|
| By: /s/ Warren J. Stapleton, 018646<br>Warren J. Stapleton, Esq.<br>2929 North Central Avenue, 20th Floor<br>Phoenix, Arizona 85012-2793<br>*Attorneys for Jian Peng* | By: /s/ Christopher R. Kaup, 014820<br>Christopher R. Kaup, Esq.<br>David Barlow, Esq.<br>1850 North Central Avenue, 24th Floor<br>Phoenix, Arizona 85004<br>*Attorneys for Dartmouth Collections, LLC* |

1  **FOREGOING** electronically filed with the Clerk of United States Bankruptcy Court this 6th day of March, 2026, with a copy served by the Court's electronic notification system this same day.
2
3
4

5  /s/ *Victoria Thomas*
   Victoria Thomas, Paralegal
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26